Mr. Justice McKINLEY.
I dissent from the opinion of the majority of the court, in this case, for the following reasons:
First. According to the act of the 17th of February, 1815, chap. 198, “persons owning lands in the county of New Madrid, in the Missouri territory, with the extent the said county had" on the 10th day of November, 1812, and whose lands have been materially injured by earthquakes, shall be, and they are hereby authorized to locate the like- quantity of land on any of the public lands of said territory, the sale of winch is authorized by law.” ■ The.section lines of the land had not been run on the 7th of July, 1817, -when the location on the New Madrid certificate, under which Gamble claims,was made. The sale of the land, including this location, was not authorized by law', until the year 1823. The 1st section of the act of the 26th April, 1822, chap. 40, could not have legalized the location, because the land was not then subject to sale; and because that section only authorized grants to issue in like manner,, as if the-location had conformed to the sectional or quarter-sectional lines of the public surveys, if made in other respects, in pursuance of the act of the 17th of February, 1815. Now as the location had not been *57 made in pursuance of that act; and as the 2d section of the act of ■the 26th of April, 1822, declared “.That hereafter the holders and locators of such warrants shall be bound, in locating them, to con-. form to the sectional and quarter-sectional lines of the public surveys, as nearly as the respective quantities of the warrants will admit, and all such warrants shall be located within one -year after, the passage of this act; in default whereof tire same shall be -null and void and as no location and survey were made in conformity with the 2d Section, the warrant,' survey, and patent, are utterly void. See Lindsey v. Miller, 6 Peters, 675.
. Secondly. The decree confirming the claim of Mackay’s heirs, by. the Supreme Court of the United States, under the treaty, was a full and ample admission, that, the United States had no right to the land covered by that claim. The title which they acquired to this land,, under the treaty, was, therefore, held by them in trust for Mackay’s heirs, or any other person having a better tiñe, under'the-treaty. The decree of confirmation related back to the date of the concession, by the Spanish government,- to. Mackay, and made the tiñe as complete as if it had been completed by that government before the treaty, notwithstanding the several intervening acts of limitation passed by Congress.
■ Thirdly. The location, survey, and patent, under which Gamble claimed, being void, the 11th section of the act of the 26th of May, 1824, chap. 178, did not apply to this case. Because, in the language of the section, it did not “so happen that the land” had been sold or otherwise disposed of by the United States. Therefore, Mackay’s. heirs, or those claiming under them, were not authorized, and much less bound to enter other land in lieu of that confirmed and granted, to them by the decree and patent.
Mr. Justice Story and Mr. Justice Wayne concur in these reasons.